IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                      ORDER

                                              05-CR-038-S-01

AMBER SHERMAN,

          Defendant.
_____

    Petition for revocation of defendant's supervised release came on to be heard before the Court in the above entitled matter on November 9, 2007, the government having appeared by Erik C. Peterson, United States Attorney for the Western District of Wisconsin, by Peter Jarosz, Assistant United States Attorney; the defendant in person and by Howard Goldman. Honorable John C. Shabaz, District Judge, presided.

    From the record and stipulation, the court makes the following findings of fact.

    Defendant was sentenced in the United States District Court for the Western District of Wisconsin on June 9, 2005 following her conviction for passing counterfeit securities, a Class C felony, in violation of 18 U.S.C. § 513(a). She was ordered to serve a 60-month term of probation and to pay restitution in the amount of $6,734.59.

    As a special condition of probation defendant was required to reside at Arc Community Services, in Madison, Wisconsin. Defendant began her term of probation on June 9, 2005. On August 25, 2005 defendant commenced her required placement at Arc. She completed her placement on December 22, 2005.

On August 3, 2007 the court modified defendant's conditions of probation by adding Special Condition No. 8, requiring her to reside a second time at Arc Community Services for a 120-day placement. This condition was added as an alternative to revocation of her probation because of her failure to comply with her conditions of probation. She commenced this placement on August 15, 2007.

Defendant has stipulated to violating Special Condition No. 8 requiring her to reside at Arc Community Services for a period of 120 days. She was terminated as an unsuccessful placement on October 25, 2007. Defendant has also stipulated to violating Standard Condition No. 9 which restricted her association with any persons convicted of a felony. Defendant admitted to the probation office on July 17, 2007 that she was associating with Justin Legnar, a convicted felon.

Defendant's conduct falls into the category of Grade C violations as defined by §7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release. In addressing such violations, the court has the discretion to revoke probation, extend it or modify the conditions of release.

Defendant was placed at Arc Community Services to be afforded one last opportunity to comply with her conditions of probation, pay her restitution and positively impact her life. She failed to participate in support groups, failed to cooperate with the staff assisting her transition into the community and mailed a letter to a friend threatening bodily harm to a former boyfriend.

Defendant's violations warrant revocation. Accordingly, the five-year term of probation imposed on the defendant on June 9, 2005 will be revoked.

Defendant's criminal history category is I.  A Grade C violation and a Criminal History Category I result in an advisory guideline range of imprisonment of 3 to 9 months.  The statutory maximum to which defendant can be sentenced is 120 months pursuant to 18 U.S.C. § 513(a) which provides that a person convicted under this statute may not be required to serve more than ten years.  The Court has selected a sentence at the middle of the guideline range to hold defendant accountable for her actions, to provide for specific and general deterrence and to protect the community.

ORDER

IT IS ORDERED that the period of probation imposed on defendant is REVOKED and she is committed to the custody of the Bureau of Prisons for a term of seven months.  The Court recommends that the Bureau of Prisons conduct a psychological evaluation of defendant before her release from imprisonment. Defendant is to be registered with local law enforcement agencies and the state attorney general before her release from confinement.

A three-year term of supervised release shall follow the term of imprisonment.  The following special conditions of supervised release are also ordered.

1. Reside for the first 120 days at a federally contracted residential reentry center, namely Arc Community Services, with work release privileges; she will be afforded social passes or furloughs in accordance with the rules and regulations of Arc; she

     will pay for her own medical expenses and pay subsistence not to exceed 25% of her adjusted gross income;

2. Abstain from all alcohol and illegal drug use, from association with drug users and sellers, and participate in substance abuse counseling and testing as directed by the supervising probation officer. She shall submit to a maximum of 60 drug tests annually. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process;

3. Participate in community-based mental health counseling as approved by the supervising probation officer;

4. Provide disclosure of all income, assets and debts as instructed by the supervising probation officer; and

5. Submit her person, residence, office or vehicle to a search conducted by the U.S. probation officer at a reasonable time in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of a violation of a condition of supervised release; failure to submit to a search may be grounds for revocation; defendant shall advise any other resident(s) that the premises she is occupying may be subject to searches pursuant to this condition.

     Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision. The term of imprisonment is to commence immediately.

     Entered this 9th day of November, 2007.

                                         BY THE COURT:

                                         ____/s/_____
                                         JOHN C. SHABAZ
                                         District Judge